UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
                                                        :
KASOWITZ LLP,                                           : CASE NO. 1:25-cv-06068
                                                        :
            Plaintiffs,                                 : **COMPLAINT**
                                                        :
    -against-                                           :
                                                        :
JULIO M. HERRERA VELUTINI,                              :
                                                        :
            Defendant.                                  :
                                                        :
------------------------------------------------------- X

Plaintiff Kasowitz LLP ("Kasowitz" or "Plaintiff"), as and for its Complaint against defendant Julio M. Herrera Velutini ("Defendant"), alleges as follows:

PARTIES

1.	Kasowitz, a New York limited liability partnership, is a law firm with an office located at 1633 Broadway, New York, New York 10019.

2.	Defendant Julio M. Herrera Velutini is an individual, who, on information and belief, is a dual Venezuelan-Italian citizen who is currently residing in the United Kingdom, with an address located at 26 Dover Street, London, W1S 4LY.

JURISDICTION AND VENUE

3.	This Court has subject matter jurisdiction under 28 U.S.C. § 1332, because Defendant is, on information and belief, a citizen of Italy and Venezuela residing in the United Kingdom, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.	Venue is proper in this District pursuant to 29 U.S.C. § 1391, because a substantial portion of the events or omissions giving rise to Kasowitz's claims occurred in this District.

FACTS

5. Pursuant to a written retainer agreement dated as of December 8, 2022 (the "Retention Agreement"), Defendant engaged Kasowitz to perform professional legal services in connection with a matter before the United States District Court for the District of Puerto Rico, captioned *United States v. Vazquez-Garced, et al.*, 22-cr-00342 (RAM), and related matters (the "Engagement").

6. Defendant thereafter requested that Kasowitz render legal services and advice in connection with the Engagement.

7. Kasowitz rendered professional legal services for the benefit of Defendant, and incurred expenses and disbursements attendant thereto. Kasowitz performed such services, and Defendant accepted such services, without objection, protest or rejection.

8. Kasowitz rendered professional legal services, and advanced reasonable and necessary expenses and disbursements, for the benefit of Defendant and pursuant to the Retention Agreement, in the City, County and State of New York.

9. Kasowitz issued invoices to Defendant for the services Kasowitz rendered and for the related expenses Kasowitz incurred that Defendant is responsible to pay.

10. Defendant did not timely object to, protest, or reject Kasowitz's unpaid invoices and disbursements incurred.

11. To date, however, despite repeated written demands for payment, Defendant has failed and refused to pay Kasowitz the unpaid balance in the amount of $493,332.31.

FIRST CAUSE OF ACTION

(Breach of Contract – Retention Agreement)

12. Kasowitz repeats, reiterates and realleges each and every allegation contained in paragraphs 1-11 with the same force and effect as though set forth at length herein.

13. The Retention Agreement is a valid and enforceable contract between the parties.

14. Kasowitz has performed each and every obligation under the Retention Agreement.

15. Defendant breached his obligations under the Retention Agreement by failing and refusing to pay the fees and disbursements incurred thereunder, even though Defendant had requested and accepted the services provided by Kasowitz without objection, protest or rejection.

16. Despite repeated demands for payment from Kasowitz to Defendant, there remains outstanding and due to Kasowitz from Defendant the sum of $493,332.31.

17. By reason of the foregoing breach of contract, Kasowitz has been damaged in the sum of $493,332.31, plus interest, costs and attorney's fees.

## SECOND CAUSE OF ACTION

(Quantum Meruit)

18. Kasowitz repeats, reiterates and realleges each and every allegation contained in paragraphs 1-11 with the same force and effect as though set forth at length herein.

19. Defendant requested Kasowitz's services and received the benefit of Kasowitz's services.

20. Defendant accepted Kasowitz's services without timely objection, protest or rejection.

21. The fair and reasonable value of the services rendered by Kasowitz to Defendant at Defendant's specific request that remains unpaid is $493,332.31.

22. Despite repeated written demands for payment from Kasowitz to Defendant, there remains outstanding and due to Kasowitz from Defendant the sum of $493,332.31.

23. By reason of the foregoing, and pursuant to the theory of quantum meruit, Kasowitz has been damaged in an amount not less than $493,332.31, plus interest, costs and attorney's fees.

## THIRD CAUSE OF ACTION

### (Account Stated)

24. Kasowitz repeats, reiterates and realleges each and every allegation contained in paragraphs 1-11 with the same force and effect as though set forth at length herein.

25. Beginning on or about December 8, 2022, Kasowitz rendered to Defendant invoices for services rendered and expenses generated, which, at the time sent, were received without timely objection, protest or rejection.

26. Defendant did not timely object to, protest, or reject Kasowitz's unpaid invoices or statements of account.

27. By reason of the foregoing, Defendant is liable to Kasowitz, pursuant to the theory of account stated, in an amount not less than $493,332.31, plus interest, costs and attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court enter judgment against Defendant as follows:

a. Awarding damages to Plaintiff, in an amount to be determined at trial, to make Plaintiff whole for any and losses incurred as a result of Defendant's actions, but not less than $493,332.31;

b. Awarding Plaintiff costs and expenses incurred in the prosecution of this action;

c. Awarding Plaintiff statutory prejudgment interest;

d. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper.

Dated: New York, New York
July 23, 2025

**KASOWITZ LLP**

By: */s/ Joshua A. Siegel*
    Joshua A. Siegel

1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Plaintiff*